UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>          Plaintiff,<br><br>v.<br><br>USASF Servicing, LLC,<br><br>          Defendant. | Case No. 1:23-cv-03433-VMC |

### PLAINTIFF'S RESPONSE TO
### DEFENDANT'S SUGGESTION OF BANKRUPTCY

The Consumer Financial Protection Bureau (CFPB) files this response to the Suggestion of Bankruptcy filed by Defendant, USASF Servicing, LLC (USASF). ECF No. 5. Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code on August 25, 2023, and has not made an appearance in this action. *Id*. at 1 (Counsel notes that their "office does not represent the Debtor in this lawsuit, and [their] letter is not intended as an appearance as counsel for the Debtor in this lawsuit").

Defendant states that, pursuant to 11 U.S.C. § 362, "certain judicial, administrative, or other actions" are stayed by the filing of its bankruptcy petition.

1

*Id*. This lawsuit is not stayed by the bankruptcy filing, however, because this action is an exercise of the government's "police and regulatory power." 11 U.S.C. § 362(b)(4). In excepting police and regulatory actions from the automatic stay, "Congress permitted a suit by the government 'to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws' to proceed." *Brock v. Rusco Indus., Inc.*, 842 F.2d 270, 273 (11th Cir. 1988) (citing S.Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 5838). Courts have explained that the government is enforcing its police and regulatory power when its lawsuit is either not solely for its own pecuniary interest or effectuates public policy rather than adjudicates private rights. *In re Frazier*, No. 02-41136, 2003 WL 26098325, at *8 (Bankr. S.D. Ga. June 12, 2003) (citing *In re Universal Life Church*, 128 F.3d 1294, 1297 (9th Cir. 1997)).

The Bureau's lawsuit qualifies under either prong. The Bureau seeks an injunction prohibiting future violations of the Consumer Financial Protection Act (CFPA), redress for consumers, a penalty against Defendant, and costs. *See* Complaint, ECF No. 1, at 22–23. Such a consumer-protection action effectuates public policy and is not solely in the Bureau's pecuniary interest, and therefore is the government's enforcement of its police and regulatory power. *See CFPB v. Think Fin., LLC*, No. 17-cv-127, 2018 WL 734661, at *4 (D. Mont. Feb. 6, 2018)

(CFPB's lawsuit to enforce the CFPA was a police and regulatory action excepted from the automatic stay) (citing *In re Universal Life Church, Inc.*, 128 F.3d at 1297); *see also*, *e.g.*, *EEOC v. Krystal Co.*, 615 B.R. 332, 333–34 (N.D. Ga. 2020) (EEOC lawsuit seeking injunctive relief and damages was not stayed by defendant's bankruptcy filing); *Solis v. Fisteac Farm Lab., Inc.*, No. 12-cv-20743, 2013 WL 12317905, at *1 (S.D. Fla. Jan. 4, 2013) (Department of Labor's lawsuit to enjoin defendant from violating the Fair Labor Standards Act and obtain damages for employees was not stayed by a bankruptcy filing) (citing *Brock*, 842 F.2d at 273.[1]

---

[1] Although police and regulatory actions are not stayed by bankruptcy filings, including when the government seeks monetary judgments, 11 U.S.C. § 362(a) stays the *collection* of any monetary judgment that the government obtains while the bankruptcy action is pending. *See* 11 U.S.C. § 362(b)(4) (excepting from the automatic stay police and regulatory actions, "including the enforcement of a judgment other than a money judgment"); *Perez v. Eliasen Env't, Inc.*, No. 15-cv-574, 2015 WL 13804721, at *2 (M.D. Fla. Nov. 12, 2015) (Department of Labor could obtain a monetary judgment but not collect on it while the bankruptcy stay was pending); *In re Bilzerian v. SEC*, 146 B.R. 871, 873 (Bankr. M.D. Fla. 1992) (SEC could obtain a disgorgement award but not attempt to enforce it during the bankruptcy action). While the CFPB intends to move for a default judgment against Defendant, it does not intend to seek enforcement of any monetary judgment that this Court may award while Defendant's bankruptcy action is pending.

Dated: September 13, 2023

Respectfully Submitted,

Consumer Financial Protection Bureau

ERIC HALPERIN
Enforcement Director

RICHA S. DASGUPTA
Deputy Enforcement Director

MICHAEL POSNER
Assistant Deputy Enforcement Director

**Elena González**
New York Bar No. 430526
Attorney for Plaintiff
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: 202-435-9103
Email: elena.gonzalez@cfpb.gov

**Joseph Sanders**
New York Bar No. 4397204
Illinois Bar No. 6308241
Attorney for Plaintiff
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: 202-435-9642
Email: joseph.sanders@cfpb.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2023, I electronically filed the foregoing Plaintiff's Response to Defendant's Suggestion of Bankruptcy with the Clerk of the Court using the CM/ECF system.

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>USASF Servicing, LLC
>CT Corporation System, Registered Agent, Authorized to accept service under F.R.C.P. Rule 4
>289 S Culver St, Lawrenceville, GA 30046

>**Elena González**
>New York Bar No. 430526
>Attorney for Plaintiff

>Consumer Financial Protection Bureau
>1700 G Street, NW
>Washington, DC 20552
>Telephone: 202-435-9103
>Email: elena.gonzalez@cfpb.gov