FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 12 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

In re:

CONSUMER FINANCIAL
PROTECTION BUREAU,

    Plaintiff,

v.

USASF SERVICING, LLC,

    Defendant.

Case No. 1:23-cv-03433-VMC

## RESPONSE OF DON A. BESKRONE, CHAPTER 7 TRUSTEE OF USASF SERVICING, LLC TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT

I, Don A. Beskrone, solely in my capacity as chapter 7 trustee of defendant USASF Servicing, LLC (and its affiliated debtors (collectively, the "Debtors")), respectfully submit this response to the *Motion for Entry of Default Against Defendant* (the "Motion") filed by the Plaintiff, the Consumer Financial Protection Bureau ("Plaintiff" or the "CFPB"), in this action. I submit this response to advise the Court (and the CFPB) of the status of the underlying bankruptcy cases, my (proposed) counsel's discussions with the CFPB and, ultimately, my objection to any entry of default. At bottom, I believe the Court should deny the Motion.

1. By way of background, I am the duly appointed chapter 7 trustee of the Debtors and their estates, and I am in the process of commencing my

{01946008;v1}

administration of the Debtors' estates. The chapter 7 bankruptcy cases of the Debtors involve six (6) entities, and each case is pending in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The cases are styled *In re U.S. Auto Sales, Inc. d/b/a US Auto Sales., et al.,* Case No. 23-11251 (TH) (Jointly Administered) (the "Bankruptcy Cases").

2. The Bankruptcy Cases were commenced approximately 6 weeks ago (August 25, 2023), and I (along with my proposed professionals) have been engaged in efforts to investigate and learn about the Debtors, their businesses and their assets and liabilities. To that end, I (and, again, my professionals) have undertaken brief interviews with the Debtors' former chief restructuring officer, as well as certain of the Debtors' former professionals, to gain an understanding of the Debtor and their operations. I also held and concluded a meeting of creditors pursuant to 11 U.S.C. § 341.

3. We have also reviewed what limited documents we have at this time, including the Debtors' petitions, schedules of assets and liabilities and statements of financial affairs. Our review has also extended to other documents that are publicly available as we seek to retrieve and access the Debtors' records. During this process, my team and I have been fielding calls from customers, landlords, vendors, banks, secured lenders and other parties with varying interests in the Bankruptcy Cases. Those parties, while seeking to advance their own interests,

have served as additional sources of information. But my investigation (and, critically, the understanding of the Debtors needed to administer the estates), is in its nascent stages. And because my administration has just begun, I oppose the CFPB's request for entry of default.

4. Apart from the foregoing, I oppose the CFPB's request for a number of other reasons. First, entry of default is inappropriate given the CFPB's knowledge of the Bankruptcy Cases and my appointment. Shortly following my appointment, my counsel initiated contact with the CFPB, through its counsel, to discuss this matter and the status of the Bankruptcy Cases. Since that initial contact, my counsel and the CFPB have had further discussions regarding this case, its potential effect on the Bankruptcy Cases (and its assets)[1] and a potential resolution (in whole or in part) of the action now before the Court. In short, my role as Trustee of the Debtors, and thus USASF here, is well-known to the CFPB and default is neither warranted nor appropriate.

5. Second, consistent with my efforts to explore a resolution, my counsel offered to stipulate to a judgment granting the injunctive relief the CFPB seeks. The Bankruptcy Cases are cases under chapter 7 of the Bankruptcy Code such that continued operations are prohibited absent an order of the Bankruptcy Court. *See*

---

[1] I believe the entry of a default may have unintended prejudicial effects on the Debtors' estates and their assets.

{01946008;v1}                                              3

11 U.S.C. § 721. Beyond that, I have no intention to operate the Debtors' businesses (and can represent to this Court that I will not), nor do I have the ability to do so. As my counsel has explained to the CFPB, my understanding of the Debtors' capital structure is that all assets are encumbered by the security interests of one or more parties. As a result, I may not use any of the cash collateral of those secured parties absent their consent or the provision of adequate protection. *See* 11 U.S.C. § 363(c)(2). At this point, I neither have consent, nor do I have any means to provide adequate protection. Simply put, I do not have available unencumbered funds that can be used to litigate this matter.[2] Because of that reality (and as explained to the CFPB), there is no need for motion practice or to move forward with litigation. I stand ready and willing to consent to the injunctive relief the CFPB prays for in its Complaint.

6. Third, though not bearing directly upon the issue of default, I respectfully submit that given the fact that the injunctive relief the CFPB seeks has, effectively, been achieved (though the chapter 7 filing and my offer to stipulate to the injunctive relief), this case should be stayed. While I appreciate and acknowledge the arguments put forth by the CFPB regarding the "police and regulatory power" exception to the automatic stay. I respectfully submit that the case should not move forward nor should default be entered.

---

[2] Given my current lack of available and unencumbered funds, I cannot retain counsel barred in Georgia with whom my proposed counsel may associate. *See* LR 83.1(B)(4), NDGa. It is for that reason that I file this response *pro per*.

{01946008;v1}                                4

7.  As explained above, the Debtors are not – and will not be (ever) – operating. Thus, any need for the CFPB to exercise and enforce its police or regulatory power is non-existent. There is not now, nor will there be in the future, any concern that the Debtors will continue to alleged practices of which the CFPB complains. There is no business nor are there any employees. And, consequently, the CFPB's efforts to shut-down the Debtors and their practices has been accomplished.

8.  What remains is the issue of damages. I believe, and respectfully submit, that the CFPB's claim(s) can and should be addressed in the context of the Bankruptcy Cases and the claims process – a process that applies to all creditors. While I understand and appreciate the CFPB may wish to proceed with this case to advance the interests of consumers that may be victims of alleged unlawful practices, I am a fiduciary *for all creditors* – including the consumers on whose behalf the CFPB has commenced this litigation. It is fair to say that if the consumers were harmed by the alleged conduct of the Debtors, then so too were *all* creditors. To ensure fair and equal treatment among all creditors, the CFPB's claim(s) for damages can and should be addressed in the bankruptcy context.

9. As I note herein, I remain ready, willing and able to discuss a consensual resolution of the Complaint – and as it concerns the injunctive relief the CFPB seeks, I do not oppose the entry of an order permanently enjoining the Debtors from "committing future violations of the CFPA" or even operating generally. I am available to Plaintiff, its counsel and, of course, the Court.

Respectfully submitted,

*(signature)*

Don A. Beskrone, solely as Chapter 7
Trustee of USASF Servicing, LLC
500 Delaware Ave, 8th Floor
Wilmington, DE 19801
(302)-654-1888
dbeskronetrustee@gmail.com

Dated: October 11, 2023

# DON A. BESKRONE, ESQ.
## CHAPTER 7 BANKRUPTCY PANEL TRUSTEE
### P.O. BOX 272
### WILMINGTON, DE 19899

Telephone: (302) 654-1888                                   Email: dbeskronetrustee@gmail.com

October 11, 2023

Richard B. Russell Federal Building & United States Courthouse
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

      Re:    Consumer Financial Protection Bureau v. USASF Servicing, LLC
              N.D.Ga. No. 1:23-cv-03433-VMC

Dear Sir or Madam:

     Enclosed please find the original and one copies of the Response of Don A. Beskrone, Chapter 7 Trustee of USASF Servicing, LLC to Plaintiff's Motion for Entry of Default Against Defendant. Kindly file the original and return a time-stamped copy in the envelope provided.

                                        Very truly yours,

                                        */s/ Don A. Beskrone*, Chapter 7 Trustee
                                        Don A. Beskrone

DAB/kmj
Enclosures

```
ORIGIN ID:ZWIA      (302) 654-1888        SHIP DATE: 11OCT23
KRISTY JONES                              ACTWGT: 0.40 LB
ASHBY & GEDDES                            CAD: 255498024/INET4535
500 DELAWARE AVE
8TH FLOOR
WILMINGTON, DE 19801                      BILL SENDER
UNITED STATES US
```

TO **UNITED STATES DISTRICT COURT**

**RICHARD B. RUSSELL FEDERAL BLDG**
**2211 UNITED STATES COURTHOUSE**
**75 TED TURNER DRIVE, SW**
**ATLANTA GA 30303**
(404) 215-1600        REF: USAUTO-1
INV:
PO:                              DEPT:





```
                        THU - 12 OCT 10:30A
TRK#   7737 0690 6005   PRIORITY OVERNIGHT
0201
                                     30303
XS QFEA                        GA-US ATL
```



P.O. BOX 1150
WILMINGTON, DELAWARE 19899

Don A. Beskrone, Trustee
Ashby & Geddes, PA
500 Delaware Avenue
PO Box 1150
Wilmington, DE  19801