Attachment S

Declaration of Elena González

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>USASF Servicing, LLC,<br><br>Defendant. | Civil Action Number: 1:23-cv-03433-VMC<br><br>**DECLARATION OF ELENA GONZÁLEZ IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

I, Elena González, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am a Senior Litigation Counsel for Plaintiff, Consumer Financial Protection Bureau ("Bureau"), and lead counsel in this action. My business address is 1700 G Street, NW, Washington, D.C. 20552.

2.     The facts set forth in this declaration are based on my personal knowledge.

3.     On September 16, 2021, the Bureau issued a Civil Investigative Demand ("CID") to the Defendant, USASF Servicing LLC ("USASF"). A true and correct copy of the CID is attached as Attachment S-1 to this declaration. The Defendant produced responses to the CID from October 18, 2021 through March 2, 2022. The Applicable Period specified in the CID is November 1, 2016 to August

1

31, 2021. A true and correct copy of the Defendant's March 2, 2022 response to the CID is attached as Attachment S-2 to this declaration.

4.    On February 21, 2023 and February 22, 2023, the Defendant's Chief Financial Officer, Joachim Christian Rudolph, testified at an investigational hearing pursuant to a Bureau CID dated January 9, 2023. A true and correct copy of the relevant portions of the hearing transcript is attached as Attachment S-3 to this declaration.

5.    Interrogatory 6 of the Bureau's September 16, 2021 CID asked USASF to describe each instance during the Applicable Period in which consumers were subject to a SID disable, including the "length of time the error occurred." *See* Attachment S-1 at 5. Similarly, subpart (l) of the Bureau's Request for Written Report 3 asked for the length of time of each erroneous SID disable. *Id*. at 8. In response to both demands, USASF failed to provide the requested information. *See* Attachment S-2 at 2; Attachment S-3 at 9-10. Rather, USASF asserted in response to both requests that "the erroneous disable was a one-time instantaneous event." *Id*.

6.    Mr. Rudolph testified that USASF had the information required to respond with the length of time that each erroneous SID disable lasted. Attachment S-3 at 6-8 ("Date of SID Application" in Written Report 3 is the date when the SID

device was activated, and there is a data field in PassTime that would allow USASF to report when the SID device was no longer activated.).

7.      USASF never provided the Bureau with information from the PassTime data field that Mr. Rudolph described in his testimony.

8.      Interrogatory 6 of the Bureau's September 16, 2021 CID also asked for the length of time each erroneous SID warning persisted. *See* Attachment S-1 at 5. Similarly, Request for Written Report 3 asked for each date an erroneous SID warning persisted. *Id*. at 8.

9.      In response to Interrogatory 6, USASF did not provide the length of time of each erroneous SID warning, but rather stated that an erroneous SID warning "would have occurred over a maximum of four days from the payment due date and then automatically shut off." Attachment S-2 at 2-3.

10.     Mr. Rudolph testified that the number of days the warning tones persisted could be calculated by subtracting the date in column N of Written Report 3, "date_of_SID_application," from the date in column O, "warning_tone_removal_date," in Written Report 3. *See* Attachment S-3 at 11-14.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 28, 2023

**<u>Elena González</u>**
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
*Attorney for Plaintiff Consumer Financial Protection Bureau*