IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>USASF SERVICING, LLC,<br><br>Defendant. | Civil Action No.<br>1:23-cv-03433-VMC |

**ORDER**

The Court, on August 28, 2024, entered an Opinion and Order on Plaintiff Consumer Financial Protection Bureau's (the "Bureau") Motion for Default Judgment ("Motion," Doc. 12) finding that this civil action was not stayed by the filing of Defendant's bankruptcy, finding that Defendant is liable for violating the Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5481 et seq., and determining that injunctive relief was appropriate.[1] In that Opinion and Order,

---

[1] One note on injunctive relief. The Complaint (Doc. 1) contained a request that the Court "permanently enjoin USASF from committing future violations of the CFPA." (Doc. 1, Demand for Relief ¶ a). In the Motion, the Bureau sought an order "permanently enjoin[ing] USASF from wrongfully activating SIDs, failing to refund unearned GAP fees, overbilling consumers for insurance, misapplying consumer payments, or wrongfully repossessing vehicles." (Doc. 12-1). But a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," and so the Court will use the less specific language from the Complaint in its judgment. Fed. R. Civ. P. 54(c). The issue is largely

however, the Court directed the Bureau to supplement its evidence regarding damages, and the Bureau has since done so. (Doc. 17). Accordingly, the Court returns to the Bureau's Motion where it left off, on the issue of damages.

## Discussion

The Bureau seeks restitution for unearned GAP premiums, compensatory damages for wrongful activation of SIDs and repossessions, and a civil monetary penalty.

To calculate restitution and compensatory damages, the Bureau relied on flat amounts asserted to be representative of injuries suffered by consumers. The Court directed the Bureau to supplement its evidence with expert testimony "provid[ing] some basis within a reasonable degree of confidence that these flat amounts are representative of the classes of injuries consumers generally faced in this case." (Doc. 16 at 28).

To support their Motion, the Bureau relied on the Declaration of Auto Finance Senior Program Manager Christopher Kulka. (Doc. 17-1). From the Declaration, the Court can conclude that Mr. Kulka is qualified as an expert by knowledge, skill, experience, training, or education, including a law school education and 15 years working as an analyst and policy specialist focusing on the

---

academic, as the Court noted in its Order and Opinion, because Defendant has ceased operations.

auto finance market. (Doc. 17-1 ¶ 3). Mr. Kulka offers three primary opinions: "[T]hat $5,000 per [repossession] is a conservative and reasonable estimate of the amount of economic harm and distress suffered by a typical USASF consumer who faced a wrongful repossession" (*id.* ¶ 27); "that $500 is a conservative and reasonable estimate of the amount of harm suffered by a typical USASF consumer who experienced an erroneous SID[2] disable (*id.* ¶ 34); and "that $100 per day is a conservative and reasonable estimate of the amount of harm suffered by a typical USASF customer who experienced erroneous warning tones." (*Id.* ¶ 42). Mr. Kulka based these opinions on his years studying the auto lending industry, his knowledge of industry operations, his review of relevant academic literature, and his review of the declarations from consumers affected by Defendant's actions, among other data. The Court finds Mr. Kulka's testimony meets the requirements for expert testimony under Rule 702 and will therefore accept the evidence as part of the Court's damages calculation.

Additionally, the Court has reviewed the materials submitted in support of the Bureau's Motion and finds as follows:

- Defendant's wrongful disabling of automobiles caused at least $3,760,266 in damages to consumers (Doc. 12-1 at 24);

---

[2] Capitalized terms that are not defined have the meanings given in the Court's prior Order and Opinion. (Doc. 17).

3

- Defendant's wrongful SID alerts caused at least $21,250,300 in damages to consumers (Doc. 12-1 at 26);

- Defendant's wrongful repossessions caused at least $508,800 in damages to consumers (Doc. 12-1 at 28);

- Defendant did not refund, and thus consumers are due, $5,833,966 of unearned GAP premiums ($1,403,949 for consumers whose loans were charged off, $3,144,100 for consumers whose loans were paid off early and did not receive any refund, and $1,285,917 for consumers whose loans were paid off early and received at least a partial refund. (Kelly Declaration, Doc. 12-3 ¶ 48).

- Prejudgment interest on the restitution amount of $5,833,966 is appropriate based on the congressional purposes underlying the CFPA and on the facts of this case.[3]

---

[3] *See ATM Exp., Inc. v. Montgomery*, 516 F. Supp. 2d 1242, 1252 (M.D. Ala. 2007) ("Where a federal statute is silent on the award of prejudgment interest, traditional equitable principles govern the award of such compensation. . . . The Supreme Court has indicated the decision to grant or deny prejudgment interest hinges on whether to do so would further the congressional purposes underlying the obligations imposed by the statute in question.") (citing *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 988 (6th Cir. 1982) and *Rodgers v. United States*, 332 U.S. 371, 373 (1947)); *see also* 12 U.S.C. § 5565(a)(2) ("Relief under this section may include, without limitation . . . .").

- The method of calculating interest on sums disgorged under 17 C.F.R. § 201.600 is an appropriate method and $1,274,357 is an accurate computation of such amounts.[4]

- Considering Defendant's financial resources and good faith, the gravity of the violation or failure to pay, the risks or losses to consumers, the history of previous violations, and other matters as justice may require, the Court concludes that a civil penalty of $10,000,000 is sufficient, but no more than necessary, to punish Defendant's conduct and deter future violations of the CFPA. 12 U.S.C. § 5565(c). The Court's intention is that this amount constitutes a civil fine and is thus subordinated to Defendant's unsecured creditors under 11 U.S.C. § 727(a)(4).

---

[4] The Court notes that Senior Data Scientist Nicole Kelly calculated prejudgment interest through December 1, 2023. The Court need not recalculate this amount to present date because on August 25, 2023, Defendant commenced a case under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, and under 11 U.S.C. § 502(b)(2), interest which was not matured on the petition date is disallowed. In light of the small passage of time between the end of August and the beginning of December, 2023, some amount of this prejudgment interest will likely be disallowed in Defendant's bankruptcy, but the Court leaves that calculation to the Bankruptcy Court in the first instance. And, while disallowed claims are not discharged in a corporate chapter 7 bankruptcy, 11 U.S.C. § 727(a)(1), the Court sees no purpose in determining amounts that will remaining owing after all of Defendant's assets have been liquidated and distributed pro rata and all business operations have ceased.

## Conclusion

For the above reasons, it is

**ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 12) is **GRANTED** to the extent not granted before. It is

**FURTHER ORDERED** that the Clerk is **DIRECTED** to enter a judgment in favor of the Bureau and against Defendant in the following amounts:

- Compensatory Damages: $25,519,366;
- Restitution: $5,833,966;
- Prejudgment interest on restitution through December 1, 2023 of $1,274,357;
- Civil penalty: $10,000,000.

It is **FURTHER ORDERED** that such judgment shall **PERMANANTLY ENJOIN** Defendant from committing future violations of the Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5481 et seq.

The Clerk is directed to serve a copy of this Order and the Judgment entered along with this Order on: Don A. Beskrone, Trustee, c/o Ashby & Geddes, PA 500 Delaware Avenue, PO Box 1150, Wilmington, DE 19801.

**SO ORDERED** this 26th day of November, 2024.

_____
Victoria Marie Calvert
United States District Judge